UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Sharwin L. Carter,<br>Plaintiff,<br><br>    v.<br><br>Century Aluminum of South Carolina, Inc.,<br>Defendant. | CASE NO.:  2:25-cv-05318-RMG-MHC<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

    The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

## JURISDICTION AND VENUE

    1. This suit is brought, and jurisdiction lies pursuant to Section 107 (a) of the Americans with Disabilities Act (42 U.S.C. §12117) (hereinafter "ADA"), which incorporates by reference Sec. 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5.

    2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

        a. A charge of employment discrimination on basis of disability discrimination was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

        b. Notice of the Right to Sue was received from EEOC on or about April 14, 2025.

        c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

    3. This court has jurisdiction to hear and determine this matter pursuant to 28 U.S.C. §1331 (federal question).

    4. The Plaintiff, Sharwin L. Carter, was a citizen and resident of Charleston County, South Carolina at the time of the incident.

    5. The Defendant, Century Aluminum of South Carolina, Inc., is upon information and belief, is a foreign corporation organized in the state of Delaware and operating under the laws of the State of South Carolina.

    6. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

7. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e and of the ADA.

8. Defendant is an industry that affects commerce within the meaning of Title VII and the ADA.

9. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

10. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of §101(5) (a) of the ADA U.S.C. §12111 (5) (A).

11. The parties, subject matter and all things and matters hereinafter alleged are within the jurisdiction of this Court.

## STATEMENT OF FACTS

12. On or about February 2024, Plaintiff began working for the Defendant. The Plaintiff was efficient and effective in his work.

13. On or about June 1, 2024, the Plaintiff was injured at work when he was pinned to a wall by his tool cart.

14. Immediately, Defendant supervisor, John James, took the Plaintiff to Trident Hospital for treatment and therefore instituted a workers' compensation claim.

15. On or about June 3, 2024, the Plaintiff returned to work with light duty restrictions, constituting a disability. The Plaintiff requested the doctor's restrictions be accommodated. The Defendant then had the Plaintiff working in the sweeping section.

16. On or about June 11, 2024, the Plaintiff was retaliated against for his disability, requested accommodation, and instituting a workers' compensation claim. Defendant's Human Resources Representative, Glanita Green, stated that the Plaintiff did not mention his previous injury when he was hired, and Plaintiff was immediately terminated by Defendant.

17. At all times prior to and at the time of the incident, Plaintiff acted in a prudent and reasonable manner and in no way contributed to his termination.

18. The Plaintiff has suffered permanent medical disabilities. The Plaintiff continues to suffer from medical conditions through the present time. Plaintiff has been an individual with a "disability" within the meaning of §3(2) of the Americans with Disabilities Act, 42 U.S.C. §12102(2). More particularly, Plaintiff has a physical impairment that substantially limits one or more of his major life activities and has a record of such impairment.

19. Plaintiff is a "qualified individual with a disability" as that term is defined in §101(8) of the ADA, 42 U.S.C. §12111(8). More specifically, Plaintiff is an individual with a disability

who, with reasonable accommodation, can perform the essential functions of several jobs in Defendant's employment.

20. The Plaintiff asserts that the reasons given for his termination and loss of employee benefits were a mere pretext for the discrimination against Plaintiff based on his disability and workers compensation claim.

21. As a direct and proximate result of Defendant's discrimination on the basis of disability, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

22. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Plaintiff's employment discrimination as alleged above.

23. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

24. As alleged above, Plaintiff has a medical disability. The Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

25. The Plaintiff informed the Defendant of his disability and required accommodation. The Plaintiff requested accommodation due to his disability. Defendant refused to accommodate her disabilities and terminated Plaintiff's position and caused her to lose pay and benefits, including but not limited to health benefits, in retaliation for her medical disability.

26. Defendant, its agents and employees, without just cause refused to provide accommodations to Plaintiff due to his medical disability and continues to refuse to employ Plaintiff forcing his to lose pay and all of his benefits in violation of the Americans with Disabilities Act.

27. Plaintiff is entitled to injunctive relief and/or civil damages from the Defendant as a result of Defendant's retaliation as alleged above. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and pay.

28. As a direct and proximate result of the acts and practices of Defendant in the discharge of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation, loss of income and other past and future losses.

### FOR A FIRST CAUSE OF ACTION
**Violation of Americans with Disabilities Act**

29. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

30. The Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and the ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

31. Plaintiff is guaranteed the opportunity to maintain employment without discrimination because of his disability pursuant to the American Disabilities Act and Code of Laws of South Carolina, §43-33-530, as amended.

32. Defendant has discriminated against Plaintiff, a handicapped person, without reasonable justification as prohibited by §102 of the ADA, 42 U.S.C. §12112 and the Code of Laws of South Carolina, §43-33-350, as amended.

33. Despite being a person with a disability, the Plaintiff can perform the essential functions of his job.

34. Defendant has failed to undertake any good faith efforts, in consultation with Plaintiff, to identify and make reasonable accommodations for employment.

35. Based on Plaintiff's disability and request for accommodation, Defendant retaliated against Plaintiff in his employment, in violation of the Act.

36. Due to the acts of the Defendant, its agents and employees, Plaintiff is entitled to, back wages, plus interest, payment for lost past and future benefits, front pay, mental anguish, emotional distress, payment of medical bills, payment of damages, attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### Retaliatory Discharge §41-1-80

37. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

38. The Plaintiff's termination arose directly from the Plaintiff's work-related claims.

39. The Plaintiff's termination, in fact, was retaliatory in nature for the Plaintiff's workers' compensation claim and the arbitrary and irrational reason given was a pretext, all in violation of the S.C. Code of Laws, §41-1-80, as amended.

40. The Plaintiff's institution of a workers' compensation claim was a substantial factor in bringing about his discharge.

41. The acts and conduct of the Defendant set forth above constitute a clear violation of public policy and were conducted in bad faith.

42. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to back wages, interest in those back wages and bonuses from the date of his termination to the present date, and front pay for wages he will lose in the future.

43. Because of such wrongful and retaliatory discharge by the Defendant, its agents and employees, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

### FOR A THIRD CAUSE OF ACTION
### Violation of Americans with Disabilities Act - Retaliation

44. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

45. As alleged above, Plaintiff is a handicapped person as defined by the Code of Laws of South Carolina, §2-7-35, as amended, and ADA, in that he has a disability which substantially limits one or more major life activities and meets other definitions prescribed by federal law.

46. That Plaintiff's requested accommodations were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

47. That shortly after requesting said accommodation, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

48. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

49. The Plaintiff's disability and filing of a workers' compensation claim were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's association disability and filing of a workers' compensation claim, he would not have been terminated.

50. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

51. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

52. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

53. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

54. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing,

character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

55. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## **RELIEF REQUESTED**

Plaintiff requests a judgment by this Court against Defendant as follows:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of action;

2. An Order that Plaintiff be awarded the back pay he would have earned, with related monetary benefits and interest thereon, had he been kept in his proper employment, attorney fees and costs of this action and all other remedies allowable by statute or otherwise;

3. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

4. An award to the Plaintiff for punitive damages in an amount to be determined at the trial of this matter;

5. An award for mental anguish, mental suffering, stress, etc., and the medial bills related to the treatment of these conditions;

6. An award of Plaintiff's attorney fees, including litigation expenses, and the costs of this action; and

7. For such other and further relief as this Court deems just and proper and allowable remedies by statute, case law or otherwise.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King  (Fed. I.D. # 13793)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
N. Charleston, SC 29406
843-553-9800

North Charleston, South Carolina
June 11, 2025